UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:23-cr-352-SDM-NHA

JERALD CALHOUN

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the United States of America moves for a preliminary order of forfeiture for an SCCY, Model CPX-2, 9 millimeter pistol (SN: C270051), an American Tactical Imports 12 gauge shotgun (SN: 12BD20-11433), 34 rounds of CBC 9 millimeter ammunition, two rounds of PMC 9 millimeter ammunition, three rounds of Fiocchi ammunition, and three rounds of Clever ammunition. In support of its motion, the United States submits the following.

**MEMORANDUM OF LAW**

**I.    Statement of Facts**

**A.    Allegations Against the Defendant**

1.    The defendant was charged in an Indictment with felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. 20.

2.    The forfeiture allegations of the Indictment notified the defendant that, under the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the United

States intended to forfeit the assets involved in or used in the violation charged in Count One of the Indictment. *Id.* at 2.

### B.   Findings of Guilt

3.     On March 30, 2026, without the benefit of a plea agreement, the defendant pleaded guilty to Count One. Docs. 144, 145. The Court accepted his plea and adjudicated him guilty. Doc. 146.

4.     The United States' Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 79), describes the conduct underlying the charge in the Indictment and provides support for the forfeiture of the assets described above.

## II.   Applicable Law

### A.   Forfeiture Statute

Pursuant to 18 U.S.C. § 924(d), the United States is authorized to forfeit "any firearm or ammunition involved in or used in any knowing violation" of any "criminal law of the United States." Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of such property are governed by 21 U.S.C. § 853.

### B.   Court's Determination of Forfeiture

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks

forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offense of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The defendant's conviction on Count One and the Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis are sufficient to establish the nexus between the assets and the offense of conviction.

## III.   Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the Court forfeit to the United States the asset identified above, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in

3

the property must be deferred until a third-party files a claim pursuant to Rule 32.2(c).

The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney


By:   *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

<div style="margin-left:50%">

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

</div>