UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 8:23-cr-352-SDM-NHA

JERALD CALHOUN

**UNITED STATES SENTENCING MEMORANDUM**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, files this sentencing memorandum in support of a request for a sentence at the high end of the guidelines, 96 months' imprisonment.

I. PROCEDURAL BACKGROUND

On September 12, 2023, Jerald Calhoun was charged with by criminal complaint for being a felon in possession of a firearm and ammunition. Doc. 1. A federal Grand Jury in the Middle District of Florida issued an indictment on October 3, 2023, charging Calhoun with one count of Felon in Possession of Firearms and Ammunition. Doc. 20.

On October 27, 2023, he was found not competent to proceed to trial and was committed to the custody of the Attorney General to receive mental health treatment. On August 7, 2024, the Court ordered the defendant competent to stand trial. On November 25, 2025, Dr. Nicole Osborne submitted a report to the Court to show that the defendant was not competent to stand trial. On January 23, 2026, the Court ordered that the defendant's competency had been restored.

On March 27, 2026, the defendant pled guilty to Count One of the Indictment without a plea agreement. Doc. 144. The Court accepted his plea and adjudicated him guilty on April 16, 2026. Doc. 146.

## II. FACTUAL BACKGROUND

On August 22, 2023, a Drug Enforcement Administration (DEA) confidential source (CS) conducted a controlled purchase of eight ounces of methamphetamine from Calhoun in exchange for $900. The exchange occurred at Calhoun's own residence in Lakeland, Florida, that was later searched by federal agents. On August 31, 2023, the CS again met with Calhoun at his residence to purchase four ounces of methamphetamine for $800. Calhoun then engaged the CS in conversation about a new source of supply for an hour. Agents obtained a federal search warrant based upon these drug transactions.

On September 12, 2023, police officers, DEA agents, and Federal Bureau of Investigation (FBI) agents executed a federal search warrant at Calhoun's residence. While conducting the search, law enforcement located Calhoun and a child laying on a bed in a bedroom. Agents detained Calhoun at this time. Also in the bedroom, in plain sight on a dresser, officers found a digital scale with white residue on it along with a black plastic bag containing documents bearing Calhoun's name and a large box with two discarded shotgun type shells. Under the bed in the room, agents located a CPX-2 9mm handgun with a magazine inserted but with no rounds chambered. In the hallway closet near the bedroom, officers discovered another firearm; a 12-guage shotgun which had a loaded magazine.

2

While searching the kitchen officers found plastic baggies with white residue, an empty pack of cigarettes with a white crystalline substance, a digital scale, and a clear plastic baggie with residue. A Sprite container that was found to be a fake container contained three baggies containing pressed fentanyl pills marked with "M30." Agents found a jar containing a white powdery substance next to multiple boxes of baking soda. Upon searching the outdoor storage area, law enforcement located a blue bag that contained two boxes of baggies.

Calhoun is a convicted felon many times over, having served two prison terms for drug related offenses and resisting an officer with violence. Calhoun was out on bond for charges of aggravated battery on law enforcement, resisting an officer with violence, and fleeing to elude at the time this case.

### III. PRESENTENCE INVESTIGATIVE REPORT

United States Probation completed a final pre-sentence investigative report (PSR) on June 22, 2026. The defendant's total offense level is 21 and his criminal history is a category VI, with a guideline range of 77 months to 96 months. PSR ¶ 100. The United States had no objections to the initial PSR. The defendant raises a number of objections to the PSR specifically challenging the relevant conduct, the calculation of the offense conduct, and the defendant's criminal history calculation. The defendant's objections are not supported by the facts or the law and should be overruled, as discussed below.

**Objection 1: Inclusion of Calhoun's drug sales on August 22, 2023, and August 31, 2023.**

The defendant objects to the inclusion of relevant conduct on the grounds that the defendant did not plead guilty to drug trafficking charges.[1]

Relevant conduct includes all acts and omissions occurring during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. U.S.S.G. § 1B1.3(a)(1)(A). Relevant conduct also includes any other information specified in the guideline range. U.S.S.G. § 1B1.3(a)(4). Felon in possession of a firearm utilizes U.S.S.G. § 2K2.1, which includes multiple offense characteristics related to the possession and distribution of controlled substances. The connection between firearms and narcotics is deeply established through case law. The Eleventh Circuit Court of Appeals concluded that "numerous cases have recognized that guns are a tool of the drug trade and that there is a frequent and overpowering connection between the use of firearms and narcotics traffic." *United States v. Cruz*, 805 F.2d 1464, 1474 (11th Cir. 1986).

Here, Calhoun's offense of conviction is the illegal possession of a firearm as a convicted felon. Calhoun's residence was searched pursuant to a warrant issued upon a showing of probable cause that Calhoun distributed controlled substances from the residence. Agents found controlled substances as well as paraphernalia used

---

[1] The United States will call a witness to establish these facts.

4

to distribute controlled substances during the search warrant execution. The facts contained in paragraphs 11 and 12 are relevant conduct as they demonstrate Calhoun's dominion and control over the residence, the knowledge of controlled substances within the residence, and the connection of the firearms recovered to drug trafficking. Each of these facts constitute relevant conduct as they directly address factual determinations contemplated within the guidelines of U.S.S.G. § 2K2.1.

The defendant argues against the inclusion of these facts because the defendant did not plead guilty to distributing controlled substances. That is not the legal standard. This argument fails to address the guideline instructions of § 1B1.3, which clearly identify the facts contained in paragraphs 11 and 12 as relevant conduct. This objection should be overruled.

**Objection 2: Application of U.S.S.G. § 2K2.1(b)(7)(B)**

The defendant objects to the "inference" that he knowingly possessed every item recovered from the residence. He further objects to the application of U.S.S.G. § 2K2.1(b)(7)(B), claiming there is no evidence the firearms were connected to drug sales and that someone else owned the firearms.

The defendant pled guilty to possession of firearms and ammunition as a convicted felon. Calhoun was in his bed and within arm's reach of a loaded handgun. Ammunition and a drug scale were within plain view of Calhoun. Agents recovered additional narcotics, paraphernalia, and a loaded shotgun during their search of Calhoun's residence. Calhoun sold methamphetamine from the home on at least two occasions.

The connection between firearms and narcotics is overpowering. *See Cruz*, 805 F.2d 1464, 1474. Here, Calhoun argues against the enhancement contrary to the facts and the law. Calhoun was selling drugs from his home. He had guns there to protect himself, his family, and his product. On the date of the search warrant Calhoun was in constructive possession of the controlled substances, drug scale, and baggies, as well as loaded firearms. The firearm was within ready reach of Calhoun in the place he used to store and distribute narcotics. This enhancement is appropriately applied, and the objection should be overruled.

**Objection 3: Criminal History calculation, paragraph 40**

The defendant objects to the calculation of his criminal history based on the inclusion of his 2007 burglary case documented in paragraph 40 of the PSR.

An offense occurring before the defendant's eighteenth birthday resulting in an adult conviction and a sentence of imprisonment of more than 13 months is scored as three criminal history points. *See* U.S.S.G § 4A1.1(a) and U.S.S.G § 4A1.1, Application Note 1.

Here, Calhoun was sentenced as an adult to twenty-five months of imprisonment in Polk County Circuit Court case 08-CF-207-01 for the lesser included crime of burglary. *See* PSR ¶ 40 and Attachment A, records for case 2008-CF-000-207-01 from the Clerk of the Circuit Court for Polk County, Florida.



*Figure 1 Calhoun's Florida DOC page, accessed June 26, 2026,*
*https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=H31211*
*&TypeSearch=IR*

**Prior Prison History:** (Note: Data reflected covers periods of incarceration with the Florida Dept.of Corrections since January of 1983)

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 12/21/2007 | BURGUNOCCSTRUC/CV OR ATT. | 06/18/2010 | POLK | 0800207 | 2Y 1M 0D |
| 12/21/2007 | GRAND THEFT,300 L/5,000 | 06/18/2010 | POLK | 0800207 | 2Y 1M 0D |
| 03/30/2010 | BURG/DWELL/OCCUP.CONVEY(ATTEMPTED) | 06/18/2010 | POLK | 1002113 | 2Y 1M 0D |
| 03/30/2010 | GR. THEFT $100-300 DWELLING | 06/18/2010 | POLK | 1002113 | 2Y 1M 0D |

*Figure 2 Calhoun's Florida DOC page showing prior sentences, accessed June 26, 2026,*
*https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=H31211*
*&TypeSearch=IR*

Paragraph 40 correctly scores Calhoun's adult conviction resulting in a

twenty-five month term of imprisonment. This objection should be overruled.

7

**Objection 4: Inclusion of facts related to Calhoun's 2017 conviction for possession of controlled substance and resisting officers with violence.**

Calhoun objects to the factual basis contained in paragraph 51 of the PSR illustrating the offenses of conviction for that paragraph.

A defendant's record of past criminal conduct is directly relevant to weighing the statutory factors of sentencing under 18 U.S.C. § 3553(a)(2). *See* U.S.S.G. § 4A1.1, introductory commentary.

The sworn criminal arrest affidavit supports the facts contained in the PSR. *See* Attachment B, sworn complaint affidavit of Eric Mathers. This reliable sworn statement gives the court important information that should be used in fashioning a fair and just sentence. The specific facts weigh on the court's evaluation of danger posed to the community and promoting respect for the law. This objection should be overruled.

## IV. SENTENCING FACTORS UNDER 3553(a)

Calhoun was an armed felon in a home with children where he sold methamphetamine on at least two occasions and possessed additional controlled substances for clear plans of future distribution, including pressed fentanyl pills. The circumstances of the offense, the need to promote respect for the law and to protect the community warrant a guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). A sentence of 96 months imprisonment will also serve to promote the defendant's respect for the law, deter criminal conduct, protect the community, and avoid unwarranted disparities. See 18 U.S.C. § 3553(a).

8

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it however, is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater weight to certain factors over others. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 57 (2007)). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

Calhoun, knowing he was a convicted felon, chose to possess firearms despite being fully aware that it was prohibited. His conduct did not stop there. He also possessed and distributed dangerous controlled substances, creating a substantial risk to others in the community. Calhoun conducted these crimes from the home of his young children, who were present when law enforcement executed the search warrant. A firearm and drug residue on a scale were found feet away from his child who was exposed to an environment containing drugs and firearms. These items are serious dangers to a child.

Calhoun's history demonstrates a lack of respect for the law and members of the community. Calhoun went to prison for violent crimes, controlled substance violations, and burglary offenses. Calhoun's history reaches back to age fifteen and it illustrates a pattern of committing offenses while on bond, failing to comply with lawful commands, fleeing from law enforcement, and obstructing investigations through tampering or concealing himself of evidence. Calhoun has a number of controlled substance violations, but most concerning are his prior connections to

9

violence, including violence toward law enforcement and being in a car leaving the scene of a shooting. Calhoun's previous convictions and sentences failed to deter him from engaging in further criminal conduct. Clearly shorter periods of incarceration are not effective in changing his behavior and thus a more substantial sentence is needed.

Calhoun's history shows that he lacks respect for the law. In nearly every prior encounter with law enforcement Calhoun is throwing contraband away, concealing himself or switching seats, providing false information, or becoming violent. Calhoun and his mother report outbursts when he didn't get his way. Calhoun has a long history of struggling with mental health and substance use. His history shows that these struggles result in danger to the community. Though he denies a need for it, Calhoun should be ordered to participate in mental health treatment and substance abuse treatment while in the BOP and on supervised release. Calhoun has no meaningful employment history and would benefit from educational and occupational training in the BOP.

A sentence of 96 months is one Calhoun earned over many years of criminal behavior, which appears to be escalating from tossing marijuana into pushes into fights with law enforcement, drug sales, and firearm possession. Calhoun was out on bond in a serious felony case when he sold drugs to an informant and possessed a firearm in this case. Calhoun is not deterred by criminal prosecutions and will continue to do what he pleases no matter the cost to the community.

A sentence of at least 96 months is appropriate given the nature and circumstances of these offenses, the need to promote respect for the law, to protect the community, and the need to deter Calhoun in the future.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ Samantha E. Beckman
Samantha E. Beckman
Assistant United States Attorney
FL Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: samantha.beckman@usdoj.gov

11

**U.S. v. Jerald Calhoun**                      **Case No. 8:23-cr-352-SDM-NHA**

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for the defendant.

> _/s/ Samantha E. Beckman_
> Samantha E. Beckman
> Assistant United States Attorney
> Samantha E. Beckman
> Assistant United States Attorney
> FL Bar No. 102533
> 400 N. Tampa Street, Suite 3200
> Tampa, Florida 33602-4798
> Telephone:   (813) 274-6000
> Facsimile:    (813) 274-6358
> E-mail: Samantha.beckman@usdoj.gov